United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUNG THANH MAI,
    Plaintiff,

v.

CONNIE GIPSON, et al.,
    Defendants.

Case No. 25-cv-06892-RS (PR)

**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff alleges that various state actors transferred him from state to federal custody without his consent and without providing notice, thereby violating his due process, equal protection, First Amendment, and Eighth Amendment rights. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

Plaintiff has not stated any claim for relief. While state law may require defendants to obtain his consent or provide notice, the failure to comply with such state laws raises no federal claim. In fact, the Constitution generally permits states to transfer a prisoner to other institutions, whether state or federal. Accordingly, his due process and equal protection claims are DISMISSED. He may be able to state a claim for a First Amendment retaliatory transfer, but he will need to provide more facts. This claim is DISMISSED with leave to amend. His Eighth Amendment claim regarding his treatment

1  at a federal prison in Colorado is DISMISSED because such a claim must be heard either
2  in federal court in Colorado or in the California state courts.
3        Accordingly, the complaint is DISMISSED with leave to file an amended complaint
4  on or before **February 2, 2026**. The amended complaint must comply in full with the
5  instructions in this order. <u>Failure to file a proper amended complaint by February 2, 2026
6  will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without
7  further notice to plaintiff</u>. Plaintiff's motion for the appointment of counsel is DENIED.
8  (Dkt. No. 3.)

## DISCUSSION

### A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States

was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff alleges that defendants transferred him between CDCR and federal custody without his consent or providing him notice, thereby violating his due process, equal protection, First Amendment and Eighth Amendment rights. (Compl., Dkt. No. 1 at 5-8.) Plaintiff bases this on defendants not following California law to obtain his consent or provide him notice. (*Id.* at 5.) This is insufficient to state any claim for relief under section 1983 because none of these state laws give rise to a protected liberty interest.

Nor do such rights regarding transfer arise from the Constitution itself. Prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. *See Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (citing *Meachum*, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and *Olim*, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)); *see also Stewart v. McManus*, 924 F.2d 138 (8th Cir. 1991) (no due process rights implicated in transfer from state to federal prison).

A non-consensual transfer is not per se violative of either due process or equal protection rights, *see Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Stinson v. Nelson*, 525 F.2d 728, 730 (9th Cir. 1975), and no due process protections such as notice or a hearing need be afforded before a prisoner is transferred, even if the transfer is for disciplinary reasons or to a considerably less favorable institution, *see Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Johnson*, 948 F.2d at 519; *see also Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (transfer from work release center back to prison does not implicate due process nor equal protection rights). "It is well settled that the decision

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND
CASE NO. 25-cv-06892-RS

3

where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). Accordingly, plaintiff's due process and equal protection claims are DISMISSED without prejudice to plaintiff raising them in state court.

But, prison officials cannot transfer a prisoner from one correctional institution to another in order to punish the prisoner for exercising his constitutional rights. *See Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995). Plaintiff alleges the transfers were retaliation for exercising his First Amendment rights, but he fails to show what actions he was taking that resulted in retaliation. (Compl., Dkt. No. 1 at 4.) Again, exercising his state law rights is not sufficient. In his amended complaint, plaintiff must provide specific details about what First Amendment activities he attempted to engage in, which defendant(s) interfered with those activities, and the specific facts showing that the transfer was in fact retaliatory. Plaintiff should note that on a claim of retaliatory transfer, the inmate has the burden of proving that he would not have been transferred but for the exercise of a constitutionally protected liberty. *See Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Sher v. Coughlin*, 739 F.2d 77 (2d Cir. 1984) (transfer prompted by both proper and improper motivations may be upheld if supportable on the constitutionally valid basis). Plaintiff's First Amendment retaliatory transfer claim is DISMISSED with leave to amend.

His allegations that the solitary confinement he endured at federal prison in Colorado violated the Eighth Amendment cannot be heard here. Such claims must either be raised in (1) the appropriate federal district court in Colorado; or (2) in California state court, as his assertion for defendants' liability is based on state law forbidding such housing for state prisoners while in federal custody. Plaintiff should note that transfers from one prison to another do not per se violate the Eighth Amendment. *See Sisbarro v. Massachusetts State Penitentiary*, 592 F.2d 1, 4-5 (1st Cir. 1979). Loss of a prison job, assigning an inmate to a prison far from his family and friends, and the like, which result from interprison transfers, are not constitutionally protected interests. *See Olim*, 461 U.S.

at 247.  Accordingly, his Eighth Amendment claims are DISMISSED without prejudice to plaintiff raising them in federal court in Colorado or in the California state courts.

## MOTION FOR COUNSEL

Plaintiff moves for the appointment of counsel.  (Dkt. No. 3.)  The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

Plaintiff's motion for the appointment of counsel is DENIED because he has not shown that extraordinary circumstances are present.  It is clear this action does not present complex legal issues.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **February 2, 2026**.  The amended complaint must include the caption and civil case number used in this order (25-06892 RS (PR)) and the words FIRST AMENDED COMPLAINT must appear on the first page.  The amended complaint must also appear on this Court's form, a copy of which will be sent to plaintiff.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from any prior complaint or document by reference.  Failure to file a proper

1  amended complaint by February 2, 2026 will result in dismissal of this action under
2  Federal Rule of Civil Procedure 41(b) without further notice to plaintiff.
3   　　It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
4  informed of any change of address by filing a separate paper with the clerk headed "Notice
5  of Change of Address."  He must comply with the Court's orders in a timely fashion or ask
6  for an extension of time to do so.  Failure to comply may result in the dismissal of this
7  action pursuant to Federal Rule of Civil Procedure 41(b).
8   　　Plaintiff's motion for the appointment of counsel is DENIED.  (Dkt. No. 3.)  The
9  Clerk shall terminate Dkt. No. 3.
10  **IT IS SO ORDERED.**
11  **Dated:**  December 10, 2025

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　RICHARD SEEBORG
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge